IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-481-KDB-DCK

| | |
|---|---|
| THE BOEING COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TEN OAKS MANAGEMENT, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Agreed Confidentiality And Rule 502(d) Order" (Document No. 48) filed July 31, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

The Parties[1] to this Agreed Confidentiality and Rule 502(d) Order ("Order") have agreed, by and through their undersigned counsel, to the terms of this Order; accordingly, **IT IS, THEREFORE, ORDERED**:

    **1. Scope**

All materials produced or adduced in the course of discovery in the above-captioned action, including, but not limited to, initial disclosures, responses to discovery requests, deposition testimony and exhibits, information or documents disclosed, provided, or produced by a Party, and information derived directly therefrom (collectively, "Discovery Material"), shall be subject to this

---

[1] Collectively, the Parties are Plaintiff The Boeing Company, and Defendants Ten Oaks Management, LLC, Andrew Lovrovich, David Richeson, Matthew Magan, and Michael Hahn.

Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

   **2. Confidential Discovery Material**

As used in this Order, "Confidential Discovery Material" means information designated as "Confidential" by the producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or that is required to be kept confidential pursuant to any law or regulation; (b) information that reveals trade secrets; (c) information that is competitively sensitive or commercially sensitive, including, but not limited to, research, analysis, technical, commercial, sales, business development, marketing, or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W2 forms, and 1099 forms; (g) personnel or employment records of a person; (h) information that the producing Party is under a preexisting contractual or other obligation to a third party to treat as confidential; or (i) any other category of information given confidential status by the Court. Discovery Material that is available to the public may not be designated as Confidential.

   **3. Designation**
   (a) A Party may designate Discovery Material as Confidential for protection under this Order by placing or affixing the designation "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document, or, with respect to documents produced in native format, by producing a one-page tagged image file format placeholder stating "Confidential." As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Discovery Material. The marking "CONFIDENTIAL" shall be applied prior to

or at the time the Discovery Material is produced or disclosed. Applying the marking "CONFIDENTIAL" to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked Confidential Discovery Material and do not otherwise disclose the substance of the Confidential information are not required to be marked.

(b) The designation of Discovery Material as Confidential is a good faith certification by an attorney or a Party appearing pro se that the Discovery Material contains Confidential information as defined in this Order.[2]

(c) Prior to designating any Discovery Material as "CONFIDENTIAL" under this Protective Order, counsel for the designating Party shall:

  (i) make a good faith determination that the particular protection is necessary to protect the interest of the client; and

  (ii) make a good faith determination that the disclosure directly to the opposing Party or its employees may create a risk of serious harm to the designating Party.

---

[2] An attorney who reviews and designates Discovery Material as Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the Western District of North Carolina unless the lawyer is appearing generally in this action on behalf of a Party. By designating Discovery Material as Confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

4. **Depositions**

Unless all Parties agree on the record at the time the deposition testimony is taken to some other designation, all deposition testimony taken in this action and all exhibits thereto shall be treated as Confidential Discovery Material until the expiration of the following: no later than the 30th day after the transcript is delivered to any Party or the witness. Within this time period, a Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony (and exhibits thereto) that are designated Confidential Discovery Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Discovery Material, unless otherwise ordered by the Court. The Parties and any non-party may modify this procedure for any particular deposition, through agreement on the record at such deposition or otherwise, without further order of the Court.

5. **Protection of Confidential Discovery Material**

   (a) **General Protections**. Unless otherwise agreed by the Parties, Confidential Discovery Material shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Counsel for the Parties shall exercise reasonable care to ensure that the information and documents governed by this Order are: (i) used only for the purpose specified herein; and (ii) disclosed only to authorized persons. Nothing contained in this

Order, however, will affect or restrict the rights of any Party with respect to its own documents or information in this action or to documents publicly filed.

**(b) Disclosure of Confidential Discovery Material**. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Discovery Material to any third person or entity except as set forth in subparagraphs (*i*)-(*x*). Subject to these requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

- **(i)** **Counsel**. Counsel retained for this action and the paralegals, employees, and other staff of such counsel who have responsibility for this action.

- **(ii)** **Parties**. The Parties to this action, including, as to any corporate Party, its directors, officers, employees (including in-house counsel), insurers, and agents to whom disclosure is reasonably necessary.

- **(iii)** **The Court and Its Personnel**.

- **(iv)** **Court Reporters and Vendors**. Court reporters and recorders engaged for depositions and other professional vendors to whom disclosure is reasonably necessary for this action.

- **(v)** **Document Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

- **(vi)** **Consultants and Experts**. Consultants, investigators, or experts, along with their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

- **(vii)** **Witnesses at Depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

- **(viii)** **Author or Recipient**. The author or recipient of the Confidential Discovery Material (not including a person who received the document in the course of litigation).

- **(ix)** **Mediator**. Any mediator or other person engaged for the purpose of alternative dispute resolution of this action.

- **(x)** **Others by Consent**. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Storage of Confidential Discovery Material**. A receiving Party shall use its best efforts to ensure that Confidential Discovery Material is stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

6. **Non-Parties**

Non-parties who are requested to produce Discovery Material or provide testimony in this action may avail themselves of the provisions of this Order and may designate and produce Discovery Material as Confidential in accordance with its provisions without further action by the Court.

7. **Control of Discovery Material**

Every person to whom Confidential Discovery Material is to be disclosed under subparagraphs (ii), (iv)-(vii), and (ix)-(x) of paragraph 5(b) above shall be advised that the Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Order. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Discovery Material. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person not authorized under this Order, the receiving Party must use reasonable efforts to: (a) retrieve all copies or obtain a certification of destruction of the Confidential Discovery Material; (b) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order (which can be accomplished by providing a copy of this Order); and (c) inform the designating Party of the

disclosure. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of this action.

## 8. Inadvertent Failure to Designate

An inadvertent failure to designate Discovery Material as Confidential does not, standing alone, waive the right to so designate the document. If a Party designates Discovery Material as Confidential after it was initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential, except that a Party may be found to have violated this Order if the Party fails to maintain the confidentiality of deposition testimony taken in this action during the period before the designation expiration date set forth in paragraph 4.

## 9. Privileged Material Disclosure and Rule 502(d) Order

If a producing Party discloses to a receiving Party information subject to a claim of attorney-client privilege or attorney work product protection that would otherwise apply, such disclosure shall not constitute or be deemed a waiver or forfeiture of any privilege or work product protection with respect to the specific disclosed Discovery Material that is being claimed as privileged or protected.

## 10. Time for Asserting Privilege and Protection

The producing Party may assert privilege or protection over produced Discovery Material at any time by notifying the receiving Party in writing of the assertion of privilege or protection and the basis for that assertion, except that:

(a) affirmative use (which for the avoidance of doubt shall not include production) of the Discovery Material by the producing Party in this action waives privilege and protection with respect to it, and of other Discovery Material to the extent provided by Rule 502(a) of the Federal Rules of Evidence; and

(b) upon use in this action by another of Discovery Material that is being claimed as privileged or protected that was produced by a Party, that producing Party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

**11. Disputing Claims of Privilege/Protection Over Produced Documents**

Upon notification from the producing Party that Discovery Material that is being claimed as privileged or protected has been produced, the receiving Party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing Party, and maintain the contested Discovery Material in confidence without using or disclosing it pending resolution of the contest by the Court (in the event of a contested assertion of privilege or protection over produced Discovery Material that cannot be resolved amicably after meeting and conferring in good faith pursuant to L.R. 7.1(b), either Party may bring the contest to the attention of the Court by motion); and

(b) to whatever extent the receiving Party does not contest the assertion of privilege or protection, make no use of or otherwise disclose the Discovery Material that is being claimed as privileged or protected, and promptly certify in writing to the producing Party that it has returned or destroyed the applicable Discovery Material, and has made reasonably diligent efforts to: (i) delete any electronic versions from any data source or any database it maintains; (ii) retrieve all

electronic and paper copies provided to any third parties, including experts; and (iii) destroy any notes that reveal the substance of the claimed privileged or protected information.

### 12. Filing of Confidential Information

This Order does not, by itself, authorize the filing of any Discovery Material under seal. Any Party wishing to file Confidential Discovery Material in connection with a motion, brief, or other submission to the Court must comply with L.R. 6.1.

### 13. No Greater Protection of Specific Documents

Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless by agreement of the Parties, or absent agreement, if the Party moves for an order providing such special protection.

### 14. Challenges by a Party to Designation as Confidential

The designation of any Discovery Material as Confidential is subject to challenge by any Party. The following procedure shall apply to any such challenge.

> **(a) Meet and Confer**. A Party challenging the designation of Discovery Material as Confidential must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within seven (7) business days

of receipt of the challenge. The Parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.

**(b) Judicial Intervention**. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. For the avoidance of doubt, the challenging Party's motion or application regarding the challenged material shall be filed under seal and identify with specificity the Confidential Discovery Material that is the subject of the motion. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Material as Confidential under the terms of this Order.

**15. Action by the Court**

Applications to the Court for an order relating to Discovery Material designated as Confidential shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**16. Use of Confidential Discovery Material at Trial, Hearing, Or Other Pretrial Proceeding**

Nothing in this Order shall be construed to affect the use of any Discovery Material at any trial, hearing, or other pretrial proceeding in this litigation. A Party that intends to present or that anticipates that another Party may present Confidential Discovery Material at a hearing, other pretrial proceeding, or trial shall bring that issue to the Court's and Parties' attention by motion or

in a pretrial memorandum without disclosing the Confidential Discovery Material. Upon raising the issue, and if reasonably possible, the Parties shall meet and confer and promptly inform the Court whether the Parties propose an agreed way to produce or redact the Confidential Discovery Material so that the material may be offered or otherwise used by any Party. Nothing herein shall inhibit the Parties from otherwise conferring and reaching consensus upon the usage of Confidential Discovery Material at a hearing or other proceeding. The Court may thereafter make such orders as are necessary to govern the use of such Confidential Discovery Material at trial.

17. **Confidential Discovery Material Subpoenaed or Ordered Produced in Other Litigation**

    (a) If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material designated in this action as Confidential, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    (b) The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    (c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this action an opportunity to try to protect its Confidential Discovery Material in the court

from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Confidential Discovery Material designated by the other Party or Parties to this action.

### 18. Challenges by Members of the Public to Sealing Orders

A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

### 19. Obligations on Conclusion of Litigation
  (a) **Order Continues in Force**. Even after the termination of this action, unless otherwise agreed or ordered, this Order shall remain in force until a designating Party agrees otherwise in writing.

  (b) **Obligations at Conclusion of Litigation**. Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Discovery Material designated as "Confidential" under this Order, including copies as defined in paragraph 3(a), shall be returned to the producing Party, or destroyed, at the receiving Party's discretion. In either case, the receiving Party agrees it will not keep copies of any Confidential Discovery Material. At that time, each

receiving Party will certify to the producing Party via email that the receiving Party has complied with this paragraph.

**(c) Retention of Work Product and Archival Copy**. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (i) attorney work product, including an index that refers or relates to designated Confidential Discovery Material so long as that work product does not duplicate verbatim substantial portions of Confidential Discovery Material; (ii) one complete set of all documents filed with the Court including those filed under seal; (iii) copies of all deposition transcripts even if certain portions are designated Confidential. Any retained Confidential Discovery Material shall continue to be protected under this Order.

(d) **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

### 20. Order Subject to Modification

This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter. Specifically, and without limitation, the Parties can seek a modification of this Order concerning the possible inclusion of provisions allowing for an "Attorneys' Eyes Only" designation covering certain Discovery Materials constituting highly confidential information, including competitively or commercially sensitive information, disclosure of which could result in harm to the Producing Party.

### 21. No Prior Judicial Determination

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

### 22. Objections to Discovery Not Covered

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 23. Persons Bound

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

### 24. Non-waiver

The production of Discovery Materials by a Party under the terms of this Order shall not be construed to mean that the producing Party has waived any objection to the relevancy or admissibility of such Discovery Material. This Order shall not constitute a waiver of the right of

any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable.

**25. Agreement Pending Entry**

The parties agree to be bound by the terms of this Protective Order pending its entry by the Court.

**SO ORDERED**.

Signed: July 31, 2023

David C. Keesler
United States Magistrate Judge

*/s/ Joseph A. Mahoney*  
Joseph A. Mahoney  
N.C. State Bar No. 55318  
MAYER BROWN LLP  
300 South Tryon Street, Suite 1800  
Charlotte, NC 28202  
(704) 444-3654  
jamahoney@mayerbrown.com  

J. Gregory Deis (*pro hac vice*)  
MAYER BROWN LLP  
71 South Wacker Drive  
Chicago, IL 60606  
(312) 782-0600  
gdeis@mayerbrown.com  

Glenn K. Vanzura (*pro hac vice*)  
MAYER BROWN LLP  
333 South Grand Avenue, 47th Floor  
Los Angeles, CA 90071  
(213) 229-9500  
gvanzura@mayerbrown.com  

Andrew J. Spadafora (*pro hac vice*)  
MAYER BROWN LLP  
1999 K Street NW  
Washington, DC 20006  
(202) 263-3043  
aspadafora@mayerbrown.com  

*Attorneys for Plaintiff The Boeing Company*

*/s/ Patrick E. Kelly*  
Patrick E. Kelly  
N.C. State Bar No. 16703  

Michael J. Hoefling  
N.C. State Bar No. 38246  

Katie Burchette  
N.C. State Bar No. 45891  

JOHNSTON, ALLISON & HORD, P.A.  
1065 East Morehead Street  
Charlotte, NC 28204  
(704) 332-1181  
pkelly@jahlaw.com  
mhoefling@jahlaw.com  
kburchette@jahlaw.com  

*Attorneys for Defendants*

# ATTACHMENT A

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| THE BOEING COMPANY, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Civil Action No. 22 CV 481 |
| v. ) | |
| ) | Hon. Kenneth D. Bell |
| TEN OAKS MANAGEMENT, LLC, ) | |
| ANDREW LOVROVICH, ) | |
| DAVID RICHESON, ) | |
| MATTHEW MAGAN, AND ) | |
| MICHAEL HAHN. ) | |
| ) | |
| *Defendants.* ) | |

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she/it has read the Confidentiality and Rule 502(d) Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Confidentiality and Rule 502(d) Order and understands that the terms of the Confidentiality and Rule 502(d) Order obligate him/her/it to use Discovery Material designated as Confidential in accordance with the Confidentiality and Rule 502(d) Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Discovery Material to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality and Rule 502(d) Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

DATED: _____

_____
SIGNATURE