IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-481-KDB-DCK

THE BOEING COMPANY

    Plaintiff,

vs.

TEN OAKS MANAGEMENT LLC, ANDREW
LOVROVICH, DAVID RICHESON,
MATTHEW MAGAN, and MICHAEL HAHN

    Defendants.

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED
COMPLAINT**

NOW COME Defendants Ten Oaks Management LLC ("Ten Oaks Management"), Andrew Lovrovich, David Richeson, Matthew Magan, and Michael Hahn (collectively, "Defendants"), by and through undersigned counsel, hereby respond to the Amended Complaint filed by Plaintiff The Boeing Company ("Plaintiff" and/or "Boeing") as follows:

## NATURE OF THE ACTION

1. Denied.

2. The referenced Supply Agreements speak for themselves. To the extent the allegations of Paragraph 2 conflict with the terms of the written Supply Agreements, such allegations are denied. It is admitted that Astech Engineered Products, Inc., formerly known as Njord Power Intermediate, a Delaware corporation (the "Astech Buyer"), manufactured aerospace products for Boeing and others and assumed the Supply Agreements from GKN Aerospace Chemtronics Inc., a California corporation ("GKN Aerospace"). Defendants deny the remaining allegations of Paragraph 2.

3. It is admitted that GKN sought to sell its Astech Engineered Products division (the "ASTECH Business"). It is further admitted that Ten Oaks Group is a Charlotte-based family office that specializes in corporate divestitures. It is specifically denied that Boeing did not know that Ten Oaks Group specializes in acquiring "unwanted business" from other companies, as on January 19, 2022, Ten Oaks Management informed Boeing that "Ten Oaks specializes in purchasing corporate divestitures that have become non-core for the parent owner." Defendants deny the remaining allegations of Paragraph 3.

4. Denied. GKN (and not the Astech Buyer) was required to seek the consent of Boeing to assign the Supply Agreements under the terms thereof. It is admitted that Boeing provided the requested consent in the Consent to Assignment, which speaks for itself. To the extent the allegations of Paragraph 4 conflict with the terms of the Supply Agreements or the CTA, such allegations are denied.

5. It is admitted that the Astech Buyer made certain representations and warranties to Boeing in Sections 4, 5, and 10 of the CTA. It is further admitted that Section 22 of the CTA provided a merger clause that sets forth the entire agreement and financial representations between the parties. Defendants deny the remaining allegations of Paragraph 5.

6. It is admitted that Ten Oaks Management informed Boeing that "[g]iven the pro forma balance sheet of the business," Ten Oaks Management provided an "estimated borrowing base using precedent terms from [its] ABL partners" and anticipated that it "would be able to secure a facility of up to ~$18M". It is specifically denied that Defendants represented to Boeing that Ten Oaks Management would "adequately capitalize Astech immediately upon the closing of the acquisition." In response to a written request from Raj Hans, Treasury & Risk Analyst for Boeing Capital Corporation, as to whether Ten Oaks Management would "sign a letter of guarantee in support of Astech contracts with Boeing," Ten Oaks Management responded that "[t]he

portfolio companies within Ten Oaks Group are owned by the individual family investors, who are not in a position to provide personal guaranties on behalf of the portfolio companies." Defendants deny the remaining allegations of Paragraph 6.

7. Denied.

8. It is admitted, upon information and belief, that the Astech Business was the only supplier and manufacturer of certain parts to Boeing. It is further admitted that Ten Oaks Management has provided certain management services to the Astech Buyer pursuant to a written Management Services Agreement. Defendants deny the remaining allegations of Paragraph 8.

9. Denied.

10. Denied.

11. It is admitted that both GKN and Ten Oaks Management provided Boeing with certain financial information about the Astech Business. It is further admitted that Boeing was well aware of the Astech Business's financial condition when Boeing agreed to the CTA. Except as admitted, denied.

12. It is denied that Boeing and Ten Oaks Management did not discuss increased pricing prior to the acquisition. Specifically, during a meeting with representatives of Ten Oaks Management, Boeing and GKN that was held on February 10, 2022, Barbara Zetterberg, Director of Contracts and Sourcing for Boeing, stated that price increases were not allowed under the Supply Agreements. In response, Lori Day, Senior Vice President of GKN, immediately responded to Ms. Zetterberg that price increases were in fact allowed under the Supply Agreements, and Ms. Zetterberg did not dispute this assertion. Defendants deny the remaining allegations of Paragraph 12.

13. Denied.

14. Denied.

15. It is admitted that the Astech Buyer filed a Chapter 11 bankruptcy petition in the U.S. District Court for the District of Delaware on July 15, 2023. It is further admitted that on September 8, 2022, the District Court entered an order granting the Astech Buyer's request to reject the Supply Agreements under Federal Rule of Bankruptcy Procedure 6006. Any statements by Richeson or filings by the Astech Buyer in the bankruptcy proceedings stand for themselves. To the extent the allegations of Paragraph 15 conflict with the statements or filings, such allegations are denied. Defendants deny the remaining allegations of Paragraph 15.

16. Denied. Any statements by Richeson or filings by the Astech Buyer in the bankruptcy proceedings stand for themselves. To the extent the allegations of Paragraph 16 conflict with the statements or filings, such allegations are denied. Defendants deny the remaining allegations of Paragraph 16.

17. It is admitted, upon information and belief, that Esterhay filed a proof of claim in the bankruptcy proceeding and an action in California state court that was subsequently dismissed. Except as admitted, denied.

18. Denied.

19. Denied.

## PARTIES

20. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20, and therefore deny them.

21. Admitted.

22. It is admitted that David Richeson is a citizen of North Carolina, conducts business in North Carolina, and is an operating partner for Ten Oaks Management. Except as admitted, denied.

23.     It is admitted that Andrew Lovrovich is an agent of Ten Oaks Management.  Except as admitted, denied.

24.     Admitted.

25.     It is admitted that Michael Hahn is an owner of Ten Oaks Management.  Except as admitted, denied.

## JURISDICTION AND VENUE

26.     The allegations set forth in Paragraph 26 constitute legal conclusions to which no response is required of Defendants, and thus, are denied.

27.     The allegations set forth in Paragraph 27 constitute legal conclusions to which no response is required of Defendants, and thus, are denied.

28.     The allegations set forth in Paragraph 28 constitute legal conclusions to which no response is required of Defendants, and thus, are denied.

29.     The allegations set forth in Paragraph 29 constitute legal conclusions to which no response is required of Defendants, and thus, are denied.

30.     The allegations set forth in Paragraph 30 constitute legal conclusions to which no response is required of Defendants, and thus, are denied.

31.     It is admitted that Defendant Lovrovich is a resident of Washington, Defendant Hahn is a resident of California, and Defendants Richeson and Magan are residents of North Carolina. It is further admitted that no member of Ten Oaks Management is a citizen of the State of Delaware or the Commonwealth of Virginia.  It is further admitted that Ten Oaks Management's principal place of business is in North Carolina and the four officers identified in Ten Oaks Management's Delaware Certificate of Formation—Defendants Magan, Hahn, Lovrovich, and a fourth individual, Curtis Griner—are citizens of North Carolina, California, Washington and North

Carolina, respectively. The remaining allegations set forth in Paragraph 31 constitute legal conclusions to which no response is required of Defendants, and thus, are denied.

32. The allegations set forth in Paragraph 32 constitute legal conclusions to which no response is required of Defendants, and thus, are denied.

## BACKGROUND

33. It is admitted that Ten Oaks Group is a family office founded by Defendants Magan and Hahn that is focused exclusively on investing in corporate divestitures. Defendants deny the remaining allegations of Paragraph 33.

34. It is admitted that the Astech Buyer previously manufactured airplane parts (prior to the sale of substantially all of its assets as a going concern in the Astech Buyer bankruptcy proceeding). Defendants deny the remaining allegations of Paragraph 34.

35. The referenced Supply Agreements speak for themselves. To the extent the allegations of Paragraph 35 conflict with the terms of the Supply Agreements, such allegations are denied. Defendants deny the remaining allegations of Paragraph 35.

36. It is admitted that GKN sought a buyer for the Astech Business. Except as admitted, denied.

37. It is admitted that on December 2, 2021, the Astech Buyer agreed to purchase certain assets and to assume certain liabilities of the Astech Business from GKN Aerospace pursuant to a written Asset Purchase Agreement. It is further admitted that pursuant to the terms of the written Asset Purchase Agreement, GKN transferred the amount of $6,669,000 to the Astech Buyer, and that this amount was intended to fund the Astech Buyer's working capital requirements. It is specifically denied that GKN made any payment to Ten Oaks Management or any other Defendant. It is further specifically denied that Boeing was unaware that GKN intended to make a cash contribution to the Astech Buyer upon the closing of the transaction. Upon information and

belief, on or around January 5, 2023, GKN informed Boeing in writing that "GKN Aerospace Chem-tronics will provide the ASTECH Engineered Products business with a cash contribution of at least $2.5 million at the closing of the transaction." Except as admitted, denied.

38. The referenced Supply Agreements speak for themselves. To the extent the allegations of Paragraph 38 conflict with the terms of the Supply Agreements, such allegations are denied. Defendants deny the remaining allegations of Paragraph 38 as such allegations relate to communications with other parties and not Defendants.

39. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39, and therefore, the allegations are denied.

40. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40 concerning Boeing's evaluation of the Astech Business's financial viability, and therefore, the allegations are denied. Defendants deny the remaining allegations of Paragraph 40.

41. The allegations of Paragraph 41 reference a written document which contents speak for itself. To the extent the allegations of Paragraph 41 conflict with the referenced document(s), such allegations are denied.

42. It is admitted that Boeing requested certain information, including a pro forma financial statement, from Ten Oaks Management regarding plans related to the Astech Business. Except as admitted, denied.

43. The allegations of Paragraph 43 reference written documents which content speaks for itself. To the extent the allegations of Paragraph 43 conflict with the referenced documents, such allegations are denied. The remaining allegations of Paragraph 43 make assertions about Boeing's conclusions which Defendants are without information sufficient to form a belief as to the trust or falsity, and thus, such allegations are denied.

44. The allegations of Paragraph 44 reference written communications which contents speak for itself. To the extent the allegations of Paragraph 44 conflict with the referenced communications, such allegations are denied. Further, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 concerning any conclusions Boeing drew or the reasonableness or unreasonableness of those conclusions and therefore deny them. Defendants deny the remaining allegations of Paragraph 44.

45. It is admitted that Ten Oaks Management responded to certain inquiries from Boeing in writing. The written communications speak for themselves. To the extent the allegations of Paragraph 45 conflict with the referenced communications, such allegations are denied. Except as admitted, denied.

46. It is admitted that Ten Oaks Management responded to certain inquiries from Boeing in writing. The written communications speak for themselves. To the extent the allegations of Paragraph 46 conflict with the referenced communications, such allegations are denied. Except as admitted, denied.

47. It is admitted that Boeing sought certain information from Ten Oaks Management via written inquiries. To the extent the allegations of Paragraph 47 conflict with the referenced communications, such allegations are denied.

48. It is admitted that Ten Oaks Management responded to certain inquiries from Boeing in writing. The written communications speak for themselves. To the extent the allegations of Paragraph 48 conflict with the referenced communications, such allegations are denied. It is specifically denied that Defendants mislead Boeing. Except as admitted, denied.

49. Denied. It is specifically denied that the Defendants perpetrated some scheme or fraud against Boeing as alleged.

50. It is admitted that Boeing requested an in-person meeting and that limited phone calls between Boeing and Ten Oaks Management occurred. Except as admitted, denied.

51. It is admitted that representatives of Boeing and Ten Oaks Management met in person at Boeing's offices in Everett, Washington, on or about February 10, 2022 with Richeson and Lovrovich attending. Richeson and Lovrovich made accurate representations to Boeing about their background at the referenced meeting. Except as admitted, denied.

52. It is admitted that Richeson and Lovrovich presented to Boeing at the February 10, 2022 meeting and made accurate statements to Boeing during this meeting. The remaining allegations of Paragraph 52 reference a written presentation which contents speak for itself. To the extent the allegations of Paragraph 52 conflict with the referenced presentation, such allegations are denied.

53. It is admitted that Richeson and Lovrovich made accurate statements about previous acquisitions to Boeing at the meeting. It is specifically denied that Defendants made fraudulent or negligent misrepresentations to Boeing. To the extent the allegations of Paragraph 53 quote a written presentation or document, such document speaks for itself. To the extent the allegations of Paragraph 53 conflict with the referenced presentation, such allegations are further denied. Except as admitted, denied.

54. It is admitted that Richeson and Lovrovich presented to Boeing at the February 10, 2022 meeting. It is specifically denied that Defendants made fraudulent or negligent misrepresentations to Boeing. To the extent the allegations of Paragraph 54 quote a written presentation or document, such document speaks for itself. To the extent the allegations of Paragraph 54 conflict with the referenced presentation, such allegations are further denied. Except as admitted, denied.

55. It is admitted that Richeson and Lovrovich presented to Boeing at the February 10, 2022 meeting. It is specifically denied that Defendants made fraudulent or negligent misrepresentations to Boeing. To the extent the allegations of Paragraph 55 quote a written presentation or document, such document speaks for itself. To the extent the allegations of Paragraph 55 conflict with the referenced presentation, such allegations are further denied. Except as admitted, denied.

56. Denied.

57. It is admitted that Richeson and Lovrovich presented to Boeing at the February 10, 2022 meeting. It is specifically denied that Defendants made fraudulent or negligent misrepresentations to Boeing. To the extent the allegations of Paragraph 57 quote a written presentation or document, such document speaks for itself. To the extent the allegations of Paragraph 57 conflict with the referenced presentation, such allegations are further denied. Except as admitted, denied.

58. It is admitted that a Boeing representative inquired into the experience and knowledge of Richeson and Lovrovich at the February 10, 2022 meeting and that Richeson had significant manufacturing experience in the automotive industry. Except as admitted, denied.

59. It is admitted that no Boeing representative ever asked Defendants if they intended to seek price increases nor sought confirmation of such a fact from Defendants. It is denied that Boeing and Ten Oaks Management did not discuss increased pricing prior to the acquisition. Specifically, during a meeting with representatives of Ten Oaks Management, Boeing and GKN that was held on February 10, 2022, Barbara Zetterberg, Director of Contracts and Sourcing for Boeing, stated that price increases were not allowed under the Supply Agreements. In response, Lori Day, Senior Vice President of GKN, immediately responded to Ms. Zetterberg that price

increases were in fact allowed under the Supply Agreements, and Ms. Zetterberg did not dispute this assertion. Except as admitted, denied.

60. Denied.

61. Denied.

62. Denied. It is specifically denied that Ten Oaks Management obtained $7 Million in cash through the acquisition and, upon information and belief, Boeing is and was aware that this allegation is false. Pursuant to the terms of the written Asset Purchase Agreement, GKN transferred the amount of $6,669,000 to the Astech Buyer, and that this amount was intended to fund the Astech Buyer's working capital requirements. It is specifically denied that GKN made any payment to Ten Oaks Management or any other Defendant. Any statements by Richeson or filings by the Astech Buyer in the bankruptcy proceedings stand for themselves. To the extent the allegations of Paragraph 62 conflict with the statements or filings, such allegations are denied.

63. It is admitted that Boeing was well aware of the Astech Business's financial circumstances around the time of the referenced acquisition. It is specifically denied that Boeing was unaware that GKN intended to make a cash contribution to the Astech Buyer upon the closing of the transaction. Upon information and belief, on or around January 5, 2023, GKN informed Boeing in writing that "GKN Aerospace Chem-tronics will provide the ASTECH Engineered Products business with a cash contribution of at least $2.5 million at the closing of the transaction." It is further specifically denied that Ten Oaks Management obtained $7 Million in cash through the acquisition and, upon information and belief, Boeing is and was aware that this allegation is false. Pursuant to the terms of the written Asset Purchase Agreement, GKN transferred the amount of $6,669,000 to the Astech Buyer, and that this amount was intended to fund the Astech Buyer's working capital requirements. It is specifically denied that GKN made any payment to Ten Oaks Management or any other Defendant. Except as admitted, denied.

64.     It is specifically denied that Defendants Hahn and Magan keep Ten Oaks Management's cash in their personal bank accounts.  It is further specifically denied that GKN made any payment to Ten Oaks Management or any other Defendant.  The remaining allegations of Paragraph 64 are denied.

65.     Denied.

66.     Denied.

67.     It is admitted that on March 25, 2022, the Astech Buyer engaged an equipment appraisal company that performed an in-person assessment of the Astech Buyer's equipment.  The remaining allegations of Paragraph 67 are denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     It is admitted that Andrew Lovrovich and David Richeson attended a meeting with Boeing on May 25, 2022.  Responding further, the referenced Supply Agreements speak for themselves. To the extent the allegations of Paragraph 71 conflict with the terms of the Supply Agreements, such allegations are denied.  Defendants deny the remaining allegations of Paragraph 71.

72.     It is admitted that Lovrovich communicated accurately about investments in the Astech Buyer. It is further admitted that the Astech Buyer was unable to obtain a new lease for its facility because Boeing undertook certain wrongful conduct to secretly harm the extension of the lease.  Except as admitted, denied.

73.     It is admitted that Richeson was the Executive Chairman of the Astech Buyer at the time.  It is denied that Richeson received no cash compensation for that role, involvement, and expertise.  Except as admitted, denied.

74. It is admitted that Ten Oaks Management provided investment in time and expertise to assist the Astech Buyer during the relevant timeframe. Paragraph 74 references a written agreement which contents speaks for itself. To the extent the allegations of Paragraph 74 conflict with the referenced agreement, such allegations are further denied. Except as admitted, denied.

75. Denied.

76. It is admitted that the parties discussed issues related to the delivery of parts. Except as admitted, denied.

77. The allegations of Paragraph 77 reference a written document, such document speaks for itself. To the extent the allegations of Paragraph 77 conflict with the referenced document, such allegations are further denied. Except as admitted, denied.

78. It is admitted that the Astech Buyer's legal counsel held a proposed meeting on or about June 20, 2022 with Boeing's legal counsel attending. Except as admitted, denied.

79. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 79 concerning Boeing's alleged denial of entry, and therefore, the allegations are denied.

80. It is admitted that the Astech Buyer filed bankruptcy on or about July 15, 2022. Except as admitted, denied.

81. The allegations of Paragraph 81 reference public, written documents which speak for themselves. To the extent the allegations of Paragraph 81 conflict with the referenced documents, such allegations are denied. Except as stated, otherwise denied.

82. The allegations of Paragraph 82 reference statements in deposition testimony by Richeson which speak for themselves. To the extent the allegation of Paragraph 81 conflict or misstate the referenced testimony, such allegations are denied. It is expressly denied as to Boeing's

characterizations of the Defendants' alleged conduct and denied that Defendants made misrepresentations to Boeing as alleged. Except as stated, otherwise denied.

83. It is admitted that Esterhay filed a proof of claim and a civil complaint. The allegations of Paragraph 83 reference written documents which speak for themselves. To the extent the allegations of Paragraph 83 conflict with the referenced documents, such allegations are denied. Defendants deny the veracity of the allegations of Esterhay.

84. Denied.

85. It is admitted that Richeson testified in a separate proceeding about the nature of Ten Oaks Management' due diligence process. The allegations of Paragraph 85 reference statements in deposition testimony by Richeson which speak for themselves. To the extent the allegation of Paragraph 85 conflict or misstate the referenced testimony, such allegations are denied. Except as admitted, otherwise denied.

86. It is admitted that the Astech Business's contracts were in place prior to the referenced acquisition by the Astech Buyer. It is expressly denied that Ten Oaks Management misrepresented Ten Oaks Management's alleged "strategy" and Defendants deny Esterhay's allegations of fraud. Except as admitted, denied.

87. It is admitted that Richeson testified in a separate proceeding. The allegations of Paragraph 87 reference statements in deposition testimony by Richeson which speak for themselves. To the extent the allegation of Paragraph 87 conflict or misstate the referenced testimony, such allegations are denied. Except as admitted, otherwise denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

### COUNT I: FRAUDULENT MISREPRESENTATION
**Against Ten Oaks Management, Lovrovich, and Richeson**

96. Defendants hereby incorporate by reference the responses to previous paragraphs above in their entirety as if recited herein.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. To the extent a response is required, denied.

### COUNT II: NEGLIGENT MISREPRESENTATION
**(In the Alternative to Count I)**
**Against Ten Oaks Management, Lovrovich, and Richeson**

106. Defendants hereby incorporate by reference the responses to previous paragraphs above in their entirety as if recited herein.

107. Paragraph 107 asserts legal conclusions that do not require a response. To the extent a response is required, otherwise denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## COUNT III: TORTIOUS INTERFERENCE WITH CONTRACT
### Against All Defendants

112. Defendants hereby incorporate by reference the responses to previous paragraphs above in their entirety as if recited herein.

113. It is admitted that Boeing had contracts with the Astech Buyer for the supply of various parts. Except as admitted, denied.

114. It is admitted that Defendants were aware of certain contracts between Boeing and the Astech Buyer. Except as admitted, denied.

115. Denied.

116. Denied.

117. Denied.

## COUNT IV: UNFAIR AND DECEPTIVE TRADE PRACTICES IN VIOLATION OF N.C. GEN. STAT. § 75-1.1
### Against All Defendants

118. Defendants hereby incorporate by reference the responses to previous paragraphs above in their entirety as if recited herein.

119. Denied.

120. Denied.

121. Denied.

## COUNT V: CIVIL CONSPIRACY
### Against Magan, Hahn, Lovrovich, and Richeson

122. Defendants hereby incorporate by reference the responses to previous paragraphs above in their entirety as if recited herein.

123. Denied.

124. Denied.

125. Denied.

## FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims against Defendants are in violation of the applicable statute of limitations and/or statue of repose, the claims against Defendants are time barred.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel, and unclean hands, including, but not limited to, Boeing's wrongful conduct related to the Astech Buyer's lease.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred and estopped from recovery against Defendants to the extent Plaintiff has failed to mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries or damages, if any, were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Defendants were not responsible for, including, without limitation, Jack Esterhay.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff fails to state a claim upon which relief can be granted, the lawsuit should therefore be dismissed pursuant to Rule 12(b)(6).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to identify with sufficient particularity in its allegations as to enable Defendants to delineate, among other things, the time, place, and manner of the alleged fraudulent conduct, the persons making the alleged misrepresentation(s), and how Boeing reasonably relied upon said alleged misrepresentation(s) to its detriment.

## SEVENTH AFFIRMATIVE DEFENSE

At all times Defendants acted reasonably, with appropriate diligence, and in good faith, including in its interactions with Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its lack of injury and/or damages resulting from any actions or representations of Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fraudulent misrepresentation and negligent misrepresentation are barred because Defendants made no material misrepresentation(s) of past or existing fact. Such claims are further barred by Boeing's negligent failure to inquire into any pricing commitments with the Astech Business or Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fraudulent misrepresentation and negligent misrepresentation are barred because Defendants owed Plaintiff no duty, the statements of Defendants were truthful, and Boeing did not reasonably rely upon Defendants' statements.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for fraudulent misrepresentation and negligent misrepresentation are barred by Plaintiff's own failure to investigate or any other acts of negligence that contributed to Plaintiff's alleged harm.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fraudulent misrepresentation and negligent misrepresentation are barred as all pre-contract representations made by Defendants, if any, merged with the terms of the Consent to Assignment of the contracts from GKN.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious interference with contract is barred by Defendants' status as non-outsiders to the contract(s) at issue. Further, Defendants did not intentionally induce the Astech Buyer and, to the extent they acted, did not act without justification.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as Defendants are not the proximate cause of the alleged damages against Boeing and Boeing may be entitled to recovery of its alleged damages against other parties, including, without limitation, the Astech Buyer through the bankruptcy proceeding.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to recover of attorneys' fees under, without limitation, N.C. Gen. Stat. 75-16.1, to the extent Defendants show that Boeing knew or should have known the action was frivolous and malicious.

## SIXTEENTH AFFIRMATIVE DEFENSE

Boeing's claims are barred as a result of the clear terms of the Consent to Assignment, whereby Boeing sets forth the specific financial representations made by Astech Buyer in which its Enterprise Credit Risk office specifically relied upon, including, but not limited to, those warranties and representations by non-defendant parties set forth therein. Further, Boeing's claims are barred by the doctrine of merger as a result of the language of the merger clause in the Consent to Assignment, which notes that the provisions therein, including the representations, constitute the entire agreement between the parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Boeing shall be barred from any recovery as a result of its own contributory negligence by failing to act reasonably and prudently and said negligence was the proximate cause or contributing cause of the alleged injuries or damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Boeing shall be barred from any recovery as a result of the doctrine of assumption of risk and Boeing assuming the risk of, among other things, the potential failure of Astech Buyer's business and/or filing of bankruptcy in accord with the federal bankruptcy statutes.

## GENERAL RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve all other and further defenses which may become known thereto as determined throughout discovery in this matter, including, but not limited to, all defenses that undercut the necessary elements of Plaintiff's causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Ten Oaks Management LLC, Andrew Lovrovich, David Richeson, Matthew Magan, and Michael Hahn pray for relief as follows:

1. Dismissal of Plaintiff's Amended Complaint with prejudice;

2. Denial of Plaintiff's claims for damages, costs, attorneys' fees, interest, or other relief;

3. For an award of its costs, attorneys' fees, and expenses; and

4. For such other and further relief as the Court deems reasonable and just.

Respectfully submitted, this 2nd day of August, 2023.

/s/ Patrick E. Kelly
Patrick E. Kelly, NC State Bar No. 16703
pkelly@jahlaw.com
Michael J. Hoefling, NC State Bar No. 38246
mhoefling@jahlaw.com
Kathleen D.B. Burchette, NC State Bar No. 45891
kburchette@jahlaw.com
J. Nathanial Pierce, NC State Bar No. 52344
npierce@jahlaw.com
1065 East Morehead Street
Charlotte, NC 28204
Telephone No.: (704) 332-1181
Facsimile No.:  (704) 376-1628
*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certified that the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the following parties/persons that are registered for service electronically:

Joseph A. Mahoney
Mayer Brown LLP
214 North Tryon St., Suite 3800
Charlotte, NC 28202
jamahoney@mayerbrown.com

J. Gregory Deis
Andrew Spadafora
Mayer Brown, LLP
71 South Wacker Dr.
Chicago, IL 60606
gdeis@mayerbrown.com
aspadafora@mayerbrown.com

Glenn K. Vanzura
Mayer Brown, LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
gvanzura@mayerbrown.com

Respectfully submitted, this 2nd day of August, 2023.

JOHNSTON, ALLISON & HORD, P.A.

/s/ Patrick E. Kelly
Patrick E. Kelly, NC State Bar #16703
pkelly@jahlaw.com
Michael J. Hoefling, NC State Bar #38246
mhoefling@jahlaw.com
Kathleen D.B. Burchette, NC State Bar No. 45891
kburchette@jahlaw.com
J. Nathaniel Pierce, NC State Bar No. 52344
npierce@jahlaw.com
1065 East Morehead Street
Charlotte, NC 28204
Telephone No.: (704) 332-1181
Facsimile No.:  (704) 376-1628
*Attorneys for Defendants*