IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00481-KDB-DCK

| | |
|---|---|
| THE BOEING COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>TEN OAKS MANAGEMENT, LLC, ANDREW LOVROVICH, DAVID RICHESON, MATTHEW MAGAN, and MICHAEL HAHN,<br><br>   Defendants. | **BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM AND JOIN AN ADDITIONAL PARTY** |

Defendants file this Brief in support of Defendants' Motion for Leave to File Amended Answer and Counterclaim and Join an Additional Party (the "Motion"), filed contemporaneously herewith and in compliance with LCvR 7.1, and show unto this Court the following:

## INTRODUCTION

The Defendants filed their Answer to Plaintiff The Boeing Company's ("Plaintiff" and/or "Boeing") Complaint on August 2, 2023. Boeing issued initial discovery requests to Defendants on August 9, 2023, and Defendants provided written responses and an initial document production of over 63,000 pages on October 10, 2023. Defendants issued initial discovery requests to Boeing on September 25, 2023. Boeing provided written responses and objections to Defendants' requests on October 25, 2023, and provided an initial document production of approximately 2,300 pages on December 7, 2023. During this relevant discovery timeframe, and continuing through the present day, the Parties have engaged in a series of meet-and-confer conferences. These conferences have included written correspondence and meetings between counsel for the parties towards narrowing and otherwise resolving outstanding discovery issues. Under the Case

Management Order, the discovery deadline is set for April 15, 2024 and the Parties are authorized to amend their pleading and join additional parties through February 2, 2024.

While the Parties have been engaged in the discovery process and related meet and confer conferences, Defendants reviewed Boeing's initial document production as well as other relevant documentation and information related to this dispute. It is apparent, and the subject matter of Defendants' proposed Counterclaims, that Boeing misrepresented and intentionally concealed critical information germane to the transaction underlying this lawsuit – the acquisition of the assets of the Astech Division of GKN Aerospace Chem-Tronics, Inc. ("GKN Astech") and the assumption of various supply contracts (collectively the "Supply Contracts") between GKN Astech and Boeing (the "Transaction").

Defendants, within the time prescribed by the Pretrial Order and Case Management Plan (the "CMP"), seek to amend their Answer to include Counterclaims against Boeing and certain representatives of Boeing for fraud, negligent misrepresentation (in the alternative), and unfair and deceptive trade practices. These claims are asserted by Defendants Ten Oaks Management, LLC and David Richeson, as well as a Third-Party Complaint by AEP Legacy Holdings, LLC ("AEP"), against Boeing all related to its misrepresentations and concealments regarding the Transaction. A copy of the proposed Amended Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint is attached as <u>Exhibit A</u> to Defendants' Motion.

<b><u>LEGAL STANDARD</u></b>

### I. Motion for Leave to Amend.

A party seeking to amend its pleading may do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). To that end, "[t]he court should freely give leave when justice so requires." *Id.* The grant or denial of an opportunity to amend is within the

2

discretion of the trial Court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent a nefarious purpose for the requested leave to amend, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given." *Lujan v. Chowan Univ*. 2018 U.S. Dist. LEXIS 133428, at *4 (E.D.N.C. 2018) (quoting *Foman*, 371 U.S. at 182 (internal quotations omitted)).

## II. Motion to Join Additional Party.

Under Federal Rule 13(h), Federal Rules 19 and 20 govern the addition of a person as a party to a counterclaim. Fed. R. Civ. P. 13(h). A defendant may, therefore, counterclaim against the plaintiff and join additional parties to the counterclaim. *15A Moore's Federal Practice - Civil § 106.41. See also Superior Performers, Inc. v. Ewing*, No. 1:14cv232, 2015 U.S. Dist. LEXIS 22269, at *18 (M.D.N.C. Feb. 25, 2015) (Rule 13(h) "allows a party to assert counterclaims against those who have been properly added pursuant to Rule 19 or Rule 20").

"Rule 20 gives courts wide discretion concerning the permissive joinder of parties." *Clinton v. Slagle*, No. 1:20cv1078, 2022 U.S. Dist. LEXIS 75347, at *8 (M.D.N.C. Apr. 26, 2022), quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). In exercising their discretion, courts must construe Rule 20 in light of its purpose, which "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Aleman,* 485 F.3d at 218 n.5 (internal citations omitted); *Bodnar v. Jackson*, No. 1:14cv120, 2014 U.S. Dist. LEXIS 151307, at *3 (W.D.N.C. Oct. 23, 2014).

3

Rule 20(a) permits the joinder of parties if they claim relief "arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a)(1).

**ARGUMENT**

**I.  Defendants' Motion for Leave to File Amended Answer should be granted.**

   **a.  Defendants bring their Motion for Leave to Amend in good faith, and leave to amend would not unfairly prejudice Boeing.**

Courts look to the "'particular circumstances' of the case to determine whether an amendment is prejudicial or in bad faith.'" *Mebane v. Gkn Driveline N. Am.*, 2022 U.S. Dist. LEXIS 42852, at *5 (M.D.N.C. 2022) (quoting *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 118 (4th Cir. 2013)).  Unlike here, a proposed amendment may be deemed unfairly prejudicial when it is raised in the "final hours prior to trial and has the effect of preventing the opposing party from properly preparing for trial." *Baraya v. Baraya*, 2022 U.S. Dist. LEXIS 243972, at *9 (W.D.N.C. 2022) (citing *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019)). Additionally, proposed amendments that "add a new, novel legal theory to the case" in late stages of litigation may constitute undue prejudice to the opposing party. *Davison*, 912 F.3d at 690 (see also *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 600 (4th Cir. 2010)) (finding that a motion for leave to amend a complaint brought "after three years of discovery and on the eve of dispositive motions" would prejudice the Defendant).  Concerns over bad faith are more likely to arise "the more prejudicial the proposed amendment appears to be." *Baraya*, 2022 U.S. Dist. LEXIS 243972, at *9 (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).

As a threshold matter, Defendants seek to amend within the time allowed under the CMP. Additionally, the parties remain in the early stages of litigation. Discovery is ongoing, and the Parties are currently conferring on proposed search terms for ESI discovery and the scope and

4

manner of production related to other pending discovery requests. Importantly, no depositions have occurred, and none are yet scheduled. The trial of this matter is currently set for October 1, 2024, approximately eight (8) months from the date of this filing. Additionally, certain discovery undertaken and/or pending is applicable to the proposed Counterclaims and Third-Party claims. In fact, many of the misrepresentations and material concealments underlying the allegations in the Counterclaims and Third-Party claims occurred at the same February 10, 2022 meeting extensively referenced in Boeing's Amended Complaint. Finally, the Defendants' Motion is brought within the timeframe authorized by the Court and agreed to by the Parties' for amendment and joinder. This Motion is made in good faith, Defendants would be harmed if the amendment were not allowed, and Boeing is not unfairly prejudiced.

### b. The Defendant's Motion will not unduly delay the proceedings.

The Fourth Circuit has determined that "[d]elay alone is an insufficient reason to deny a motion to amend." *Laber*, 438 F.3d at 427. A District Court is within its discretion to deny a motion to amend on the grounds of undue delay when "'the delay in amending, the late hour of the motion to amend, and the burdens it would impose on the opposing party' counsel denial." *Hill v. AQ Textiles, LLC*, 582 F.Supp. 3d 297, 308 (M.D.N.C. 2022) (quoting *Equal Rts. Ctr.,* 602 F.3d at 604 n.3 (4th Cir. 2010)). When a motion for leave to amend causes "little reason to suspect that Plaintiff will incur substantial time or cost responding to similar argument[s]" to those already plead, this factor weighs in favor of allowing the leave. *Willis v. Cleveland Cty.*, 2020 U.S. Dist. LEXIS 31770, at *4 (W.D.N.C. 2020).

As noted, the Defendants have moved to amend within the time authorized by the Court and agreed by the parties, prior to the taking or scheduling of any depositions, and more than eight (8) months prior to trial. Additionally, Defendants have not filed this Motion at "a late hour" as

written discovery is in its early stages; and justice so requires so that Defendants be provided an opportunity to assert these lawful claims against Boeing as a result of, without limitation, information gained and/or confirmed during the course of initial discovery. For these reasons, and those others stated herein, Defendants' Motion will not unduly delay the proceedings and is otherwise proper.

### c. The Defendants do not bring their Motion to cure a deficiency, and have not failed to cure deficiencies by previous amendments.

The Court may deny a motion or leave to amend when the moving party has exhibited a "repeated failure to cure deficiencies by amendments previously allowed[.]" *Foman*, 371 U.S. at 182. When presented with a "first request for an amendment before [the] Court" the Court should consider this factor to "weigh in favor of granting leave to amend" as "repeated failure to cure deficiencies by previous amendments is [therefore] not at issue." *Dominion Healthcare Servs. v. Value Options, Inc.*, 2009 U.S. Dist. LEXIS 17719, at *17-18 (M.D.N.C. 2009). Here, Defendants bring their first motion for leave to amend. Further, they bring these Counterclaims which have been revealed and/or confirmed during the course of ongoing discovery, not to cure a deficiency in their previous pleadings.

### d. Defendants' Motion is not futile.

Denial of leave to amend on futility grounds is only appropriate "if the proposed amend[ment] fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). The analysis to determine futility of a counterclaim is twofold: "First, does the cause of action exist? And if so, can the counter-claimant allege facts in support of the claim sufficient to survive an immediate Rule 12(b) motion to dismiss?" *High Voltage Bevs., LLC v. Coca-Cola Co.*, 2010 U.S. Dist. LEXIS 63308, at *8 (W.D.N.C. 2010) (citing *Jones v. N.Y. Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.

6

1999)) (finding that amendments subject to "immediate dismissal" are futile) (internal citation omitted). Stated more plainly, "the futility inquiry requires a court to determine if the proposed amendment would survive a Rule 12(b)(6) motion. *Goodwyn v. Siements Dematic Corp.*, 2004 U.S. Dist. LEXIS 31574, at *20 (E.D.N.C. 2004); *See also Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 506 (4th Cir. 1992).

Defendants / Counterclaimants proposed Counterclaim and Third-Party Complaint sets forth causes of action allowable under North Carolina law. Further, Counterclaimants properly pled their causes of action with sufficient particularity to comport with the jurisprudence of North Carolina and the pleading requirements prescribed by Federal Rules of Civil Procedure 8 and 9(b). These causes of action are not subject to immediate dismissal and no affirmative defenses bar the claims.

## II. Defendants' Motion to Join an Additional Party should be granted.

When considering whether to grant a motion to amend to join additional parties, the court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Siddhanth Sharma v. Clark*, No. 5:21-CT-3311-M, 2023 U.S. Dist. LEXIS 174525, at *2-3 (E.D.N.C. Sep. 28, 2023) (citing *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001)). "[S]atisfying the joinder requirements is necessary to the court's subject matter jurisdiction under 28 U.S.C. § 1367(a)." *Id.* Rule 20(a) permits the joinder of parties if the party claims "relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." *Id.* (quotation omitted); *see* Fed. R. Civ. P. 20(a)(1).

For the reasons set forth above, Rule 15(a) and the surrounding case law weighs in favor of allowing Defendants' proposed amendment. AEP's claims for fraud and concealment arise out

7

of the same transaction, occurrence, or series of transactions or occurrences (i.e., the underlying transaction and purchase of the Astech Business and the related representations and omissions thereto) and the questions of law and fact arise between these parties. Further, the additional party to be added, AEP, is the owner of Astech Engineered Products, Inc., the entity that entered into the Consent to Assignment (the "CTA") with Boeing, whereby it assumed the Supply Contracts. The CTA is the same document that underlies the vast majority, if not all, of Boeing's claims in the Amended Complaint. Lastly, the correspondence and meetings referenced throughout Boeing's Amended Complaint are largely the same correspondence and meetings that underlie the counterclaims and third-party claims. The proposed third-party claim, therefore, necessarily arises from the same transaction and occurrences raised in Boeing's Amended Complaint, and common questions of fact and law will arise in the third-party claim. AEP should be permitted joinder.

Nor are there any jurisdictional issues with the proposed amendment and joinder, as there is diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367(a) for the counterclaims and third-party claims.

<b><u>CONCLUSION</u></b>

For the reasons set forth above, the Defendants respectfully request the Court grant their Motion for Leave to File Amended Answer and Counterclaim and Join an Additional Party.

<b>[Signature Block on Following Page]</b>

8

This the 2nd day of February 2024.

**JOHNSTON, ALLISON & HORD, P.A.**          **FORDE & O'MEARA LLP**

*s/ Michael J. Hoefling*_____          *s/ Michael K. Forde*_____
Patrick E. Kelly, NC State Bar No. 16703          Michael K. Forde (*pro hac vice*)
pkelly@jahlaw.com          mforde@fordellp.com
Michael J. Hoefling, NC State Bar No. 38246          Brian P. O'Meara (*pro hac vice*)
mhoefling@jahlaw.com          bomeara@fordellp.com
J. Nathanial Pierce, NC State Bar No. 52344          191 North Wacker Drive, 31st Floor
npierce@jahlaw.com          Chicago, IL 60606
1065 E. Morehead Street          Telephone No.: (312) 641-1441
Charlotte, NC 28204          *Attorneys for Defendants, Counterclaimants,*
Telephone No.: (704) 332-1181          *and Third-Party Plaintiff*
Facsimile No.: (704) 376-1628
*Attorneys for Defendants, Counterclaimants,*
*and Third-Party Plaintiff*

9

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certified that the foregoing **BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM AND JOIN AN ADDITIONAL PARTY** was electronically filed with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the following parties/persons that are registered for service electronically:

| | |
|---|---|
| Joseph A. Mahoney<br>Mayer Brown LLP<br>214 North Tryon St., Suite 3800<br>Charlotte, NC 28202<br>jamahoney@mayerbrown.com | J. Gregory Deis<br>Andrew Spadafora<br>Mayer Brown, LLP<br>71 South Wacker Dr.<br>Chicago, IL 60606<br>gdeis@mayerbrown.com<br>aspadafora@mayerbrown.com |

Glenn K. Vanzura
Mayer Brown, LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
gvanzura@mayerbrown.com

This the 2nd day of February 2024.

**JOHNSTON, ALLISON & HORD, P.A.**          **FORDE & O'MEARA LLP**


*s/ Michael J. Hoefling*_____          *s/ Michael K. Forde*_____
Patrick E. Kelly, NC State Bar No. 16703          Michael K. Forde (*pro hac vice*)
pkelly@jahlaw.com                                 mforde@fordellp.com
Michael J. Hoefling, NC State Bar No. 38246       Brian P. O'Meara (*pro hac vice*)
mhoefling@jahlaw.com                              bomeara@fordellp.com
J. Nathanial Pierce, NC State Bar No. 52344       191 North Wacker Drive, 31st Floor
npierce@jahlaw.com                                Chicago, IL 60606
1065 E. Morehead Street                           Telephone No.: (312) 641-1441
Charlotte, NC 28204                               *Attorneys for Defendants, Counterclaimants,*
Telephone No.: (704) 332-1181                     *and Third-Party Plaintiff*
Facsimile No.: (704) 376-1628
*Attorneys for Defendants, Counterclaimants,*
*and Third-Party Plaintiff*